UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| DREW V. LOUNSBURY, Individually and On Behalf of All Others Similarly Situated, <br><br> Plaintiff, <br> v. <br><br> THE BEAR STEARNS COMPANIES INC., JAMES E. CAYNE, ALAN C. GREENBERG, ALAN D. SCHWARTZ, PAUL A. NOVELLY, FRANK T. NICKELL, FREDERIC V. SALERNO, VINCENT TESE and JOHN DOES 1-10, <br><br> Defendants. | CIVIL ACTION NO.08- CV-3326(RWS) <br><br> CLASS ACTION |
| AARON HOWARD, Individually and On Behalf of All Others Similarly Situated, <br><br> Plaintiff, <br> v. <br><br> THE BEAR STEARNS COMPANIES INC., THE BEAR STEANS COMPANIES INC. EXECUTIVE COMMITTEE, JAMES E. CAYNE, ALAN D. SCHWARTZ, WARREN J. SPECTOR, SAMUEL L. MOLINARO, JR., ALAN C. GREENBERG and JOHN DOES 1-10, <br><br> Defendants. | CIVIL ACTION NO. 08-Civ. 2804 (VM) <br><br> CLASS ACTION |

1

| | |
|---|---|
| ESTELLE WEBER, Individually and on behalf of Bear Stearns Companies Inc. Employee Stock Ownership Plan, and all Others Similarly Situated,<br><br>      Plaintiff,<br>  v.<br><br>THE BEAR STEARNS COMPANIES INC., CUSTODIAL TRUST COMPANY, JAMES E. CAYNE, ALAN D. SCHWARTZ, WARREN SPECTOR, SAMUEL L. MOLINARO, JR., ALAN C. GREENBERG and JOHN DOES 1-10,<br><br>      Defendants. | CIVIL ACTION NO. 08-Civ. 2870 (VM)<br><br>CLASS ACTION |
| ANTHONY PISANO, individually and on behalf of all Others Similarly Situated,<br><br>      Plaintiff,<br>  v.<br><br>THE BEAR STEARNS COMPANIES INC., JAMES CAYNE, ALAN D. SCHWARTZ, WARREN SPECTOR, SAMUEL L. MOLINARO, JR., ALAN C. GREENBERG and JOHN DOES 1-10,<br><br>      Defendants. | CIVIL ACTION NO. 08-Civ. 3006 (UA)<br><br>CLASS ACTION |

| | |
|---|---|
| HANS MENOS, individually and on behalf of all Others Similarly Situated,<br><br>                        Plaintiff,<br>                v.<br><br>THE BEAR STEARNS COMPANIES INC., JAMES CAYNE, ALAN D. SCHWARTZ, WARREN J. SPECTOR, SAMUEL L. MOLINARO, JR., ALAN C. GREENBERG and JOHN DOES 1-10,<br><br>                      Defendants. | CIVIL ACTION NO. 08-Civ. 3035 (UA)<br><br><br>CLASS ACTION |
| IRA GERWITZ, individually and on behalf of all Others Similarly Situated,<br><br>                        Plaintiff,<br>                v.<br><br>THE BEAR STEARNS COMPANIES INC., JAMES CAYNE, ALAN D. SCHWARTZ, WARREN SPECTOR, SAMUEL L. MOLINARO, JR., ALAN C. GREENBERG and JOHN DOES 1-10,<br><br>                      Defendants. | CIVIL ACTION NO. 08-Civ. 3089 (UA)<br><br><br>CLASS ACTION |

3

| | |
|---|---|
| **SHELDEN GREENBERG, individually and on behalf of all Others Similarly Situated,** )<br>)<br>)<br>)<br>)<br>)<br>**Plaintiff,** )<br>**v.** )<br>)<br>)<br>)<br>)<br>**THE BEAR STEARNS COMPANIES INC., JAMES CAYNE, ALAN C. GREENBERG, JEFFREY MAYER, SAMUEL L. MOLINARO, JR., ALAN D. SCHWARTZ, WARREN J. SPECTOR, and JOHN and JANE DOES 1-10** )<br>)<br>)<br>)<br>)<br>**Defendants.** | **CIVIL ACTION NO. 08-Civ. 03334 (UA)**<br><br>**CLASS ACTION** |
| **SCOTT WETTERSTEIN, individually and on behalf of all Others Similarly Situated,** )<br>)<br>)<br>)<br>**Plaintiff,** )<br>**v.** )<br>)<br>)<br>**THE BEAR STEARNS COMPANIES INC., JAMES CAYNE, ALAN D. SCHWARTZ, WARREN J. SPECTOR, SAMUEL L. MOLINARO, JR., ALAN GREENBERG, and JOHN AND JANE DOES 1-10,**<br><br>**Defendants.** | **CIVIL ACTION NO. 08-Civ. 03351 (UA)**<br><br>**CLASS ACTION** |

4

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
PLAINTIFF DREW V. LOUNSBURYS' MOTION FOR CONSOLIDATION
OF ALL RELATED ERISA ACTIONS AND APPOINTMENT
OF A LEAD PLAINTIFF AND INTERIM CLASS COUNSEL**

ERISA Plaintiff Drew V. Lounsbury (hereinafter "Lounsbury" or "Movant"), respectfully submits this memorandum in support of his motion for an Order: (i) consolidating the several related Bear Stearns ERISA class actions which have been filed in this district into one action; (ii) appointing him as the interim lead plaintiff in the consolidated action on behalf of a proposed class of participants and beneficiaries (the "Participants") of The Bear Stearns Companies Inc. Employee Stock Ownership Plan (hereinafter referred to as the "Plan"); and (iii) appointing his counsel, Stull, Stull & Brody, as interim class counsel.

## I.     INTRODUCTION

Until its well-publicized recent acquisition by JP Morgan Chase (facilitated and assisted by representatives of the United States government) Bear Stearns was a securities firm whose stock in recent years traded at well over $100 per share in the marketplace. Unknown to the investing public generally, and to the present and former employees of the Company who owned about one-third of Bear Stearns through ownership of stock in the Plan, in particular, Bear Stearns in recent years was engaged in highly risky investment and business practices which placed the very survival of the Company at risk. Bear's imprudent practices included heavy investment in subprime loans, including the securitization and repackaging of subprime loans and related mortgages into supposedly marketable securities. Bear's highly risky business practices also included transactions in collateralized debt obligations and other complex structured financial vehicles which were, and are even today, virtually impossible to value. The very foreseeable risks associated with Bear's highly imprudent credit and risk management practices have now come to pass, and the Participants have seen their retirement savings

decimated by breaches of fiduciary duty by Bear's Board of Directors, including by the members of the Finance and Risk Committee of the Bear Stearns Board of Directors.  The Company's practices allegedly constituted gross financial mismanagement which has caused a staggering financial loss to the Company, and as a result Participants of the Plan has been deprived of a substantial amount of their retirement savings.

Pursuant to § 502(a)(2) and (3) of ERISA, 29 U.S.C. § 1132(a)(2) and (3), Lounsbury, who was a participant in the Plan during times relevant herein and is a participant as of the filing of his Complaint, seeks plan-wide relief on behalf of a class consisting of all current and former Participants in the Plan for whose individual accounts the Plan held shares of common stock of Bear Stearns at any time from December 31, 2006 to March 17, 2008.  As alleged in the Lounsbury complaint, Defendants allegedly breached their fiduciary duties to the Participants, including those fiduciary duties set forth in ERISA § 404, 29 U.S.C. § 1104, and Department of Labor Regulations, including 29 C.F.R. § 2550, in various ways, including, but not limited to: (i) misrepresenting and failing to disclose material facts to the Participants in connection with the administration of the Plan; (ii) failing to exercise their fiduciary duties solely in the interests of the Participants for the exclusive purpose of providing benefits to Participants and their beneficiaries; (iii) failing to manage the Plan's assets with the care, skill, prudence or diligence of a prudent person under the circumstances; and (iv) imprudently failing to diversify the investments in the Plan so as to minimize the risk of large losses.

As a result of their wrongful acts, all fiduciaries of the Plan, including the Company, are personally liable to make good to the Plan the losses resulting from each such breach of fiduciary duty.  See ERISA § 409(a), 29 U.S.C. § 1109(a).  In addition, pursuant to § 502(a)(3) of ERISA (29 U.S.C. § 1132(a)(3)), Lounsbury seeks other forms of relief, including, without limitation,

injunctive relief and, as available under applicable law, imposition of a constructive trust, restitution, and other appropriate relief.

## II. ARGUMENT

Given the substantial similarity of the parties and claims in the several Bear Stearns ERISA Actions, Movant submits this motion pursuant to the Manual for Complex Litigation-Fourth (2005) (the "Manual") (i) requesting the consolidation of related actions; (ii) appointing a lead plaintiff and (iii) appointing interim class counsel.

### A. The Related Bear Stearns ERISA Actions Which Are Pending in this District Should Be Consolidated

Pursuant Fed. R. Civ. P. 42(a), "[w]hen actions involving a common question of law or fact are pending before the Court it may order a joint hearing or trial of any or all of the matters in issue in the actions; it may order all the actions consolidated; and it may make such orders concerning proceedings therein as may tend to avoid unnecessary costs or delays." Fed. R. Civ. P. 42(a). Movant respectfully submits that consolidation of the following actions (collectively referred to herein as the "Bear Stearns ERISA Actions") is both necessary and prudent pursuant to Fed. R. Civ. P. 42(a):

- *Lounsbury v. The Bear Stearns Companies Inc., et al.*, No. 08- CV-3326(RWS)
- *Weber vs. The Bear Stearns Companies, Inc. et al*, 1:08-cv-02870-RWS
- *Howard v. The Bear Stearns Companies, Inc. et al*, 1:08-cv-02804-RWS
- *Pisano v. The Bear Stearns Companies, Inc. et al*, 1:08-cv-03006-UA
- *Menos v. The Bear Stearns Companies, Inc. et al*, 1:08-cv-03035-RWS
- *Gewirtz v. The Bear Stearns Companies, Inc. et al*, 1:08-cv-03089-RWS
- *Greenberg et al v. The Bear Stearns Companies Inc. et al*, 1:08-cv-03334-UA
- *Wetterstein v. The Bear Stearns Companies, Inc. et al*, 1:08-cv-03351-UA

Each of the Bear Stearns ERISA Actions presents common questions of law and fact, including whether the fiduciaries of the Plan breached their fiduciary duties to Movant and other Plan Participants in violation of ERISA. Consolidation of the Bear Stearns ERISA Actions will expedite pretrial proceedings and reduce duplicative efforts. Moreover, consolidation will

streamline and simplify discovery, pretrial motions (including class certification), and administrative management, as well as generally reduce the waste, confusion, and delay that would inevitably arise from prosecuting related actions separately.

### B. Proposed Lead Plaintiff

Unlike securities fraud class actions governed by the Private Securities Litigation Reform Act of 1995, 15 U.S.C. §78(u-4(a)(3)(B)(iii)(I), in an ERISA class action the Court is not required to designate a lead plaintiff prior to class certification. *See, e.g.*, Fed. R. Civ. P. 23.[1] However, many Courts have found it appropriate to appoint one or more lead plaintiffs prior to class certification. *See*, *e.g.*, *In re Cardinal Health, Inc. ERISA Litig.*, 225 F.R.D. 552 (S.D. Ohio 2005).

Proposed lead plaintiff Drew V. Lounsbury was invested in Bear Stearns stock through his participation in the Plan. Mr. Lounsbury was employed by Bear Stearns from approximately 1997 to approximately 2004. He worked in sales administration and portfolio management. Most recently he worked out of the Bear Stearns headquarters at 383 Madison Ave. Mr. Lounsbury had approximately $7,500 of his retirement savings invested in Bear Stearns common stock in his Plan account during the proposed Class Period; his retirement savings have been significantly diminished by the breaches of fiduciary duty alleged in his Complaint. He is still a participant in the Plan. As noted above, he is no longer employed by Bear Stearns, and he does not recall executing a release of claims or anything resembling a release when he left Bear

---

[1] The Manual focuses on the designation of lead counsel rather than lead plaintiffs at this stage of litigation, and accordingly, there is no provision for appointment of lead plaintiffs prior to class certification. See Manual §10.22. *See also Hill v. The Tribune Company*, 2005 U.S. Dist. LEXIS 23931 (N.D. Ill. Oct. 13, 2005). However, Fed. R. Civ. P. 23, particularly Rule 23(d), authorizes the Court presiding over one or more related class actions to enter appropriate orders in the conduct of the actions to promote efficiency and to protect the members of the proposed class.

Stearns. Mr. Lounsbury has a strong personal stake in the outcome of this case.

The Plan had thousands of participants who suffered significant losses as a result of defendants' alleged breaches. Plaintiff Lounsbury understands that he will be representing the interests of all of the Plan participants who suffered similar losses during the Class Period, and he takes these responsibilities seriously.

### C.  Proposed Interim Class Counsel

Rule 23(g) of the Federal Rules of Civil Procedure directs that the court appoint class counsel upon certification of a class and permits appointment of interim counsel for the putative class prior to class certification. Fed. R. Civ. P. 23(g)(2)(A).

"Because of the large number of parties in this ERISA action, efficient management of the action mandates the selection of lead counsel and liaison counsel." *Cardinal Health*, 225 F.R.D. at 554, *citing* Howard B. Newberg and Alba Conte, *Newberg on Class Actions* § 9.31, at 9-82 (3d ed. 1992). In appointing such counsel, the Manual provides that interim lead counsel and interim liaison counsel shall be responsible for the following respective responsibilities:

> Lead counsel: Charged with formulating (in consultation with other counsel) and presenting positions on substantive and procedural issues during the litigation. Typically they act for the group – either personally or by coordinating the efforts of others – in presenting written and oral arguments and suggestions to the court, working with opposing counsel in developing and implementing a litigation plan, initiating and organizing discovery requests and responses, conducting the principal examination of deponents, employing expense arranging for support services, and seeing that schedules are met.
>
> Liaison counsel: Charged with essentially administrative matters, such as communications between the court and other counsel (including receiving and distributing notices, orders, motions, and briefs on behalf of the group), convening meetings of counsel, advising parties of developments and otherwise assisting in the coordination of activities and positions. Such counsel may act for the group in managing document depositories and in resolving scheduling conflicts. Liaison counsel will usually have offices in

the same locality as the court . . . .

Manual §10.221.

Proposed interim lead counsel, Stull, Stull Brody, has extensive experience in cases of this nature. Stull, Stull & Brody has extensive additional ERISA class action experience in the Second Circuit, and, indeed, throughout the country. For example, Stull, Stull & Brody served as co-lead counsel for the ERISA class in *In re AOL Time Warner ERISA Litigation (Grant v. AOL Time Warner, Inc.,* 2003 U.S. Dist. LEXIS 16895, No. 02 CV 8853, MDL Docket No. 1500 (S.D.N.Y. 2003)*),* where a $100 million settlement was obtained and approved as fair by Judge Kram of this District. *See also* Exhibit 1 to the Declaration of Edwin J. Mills. Among the recent other appointments of Stull, Stull & Brody in other actions are *In re: Cardinal Health ERISA Litigation*, 225 F.R.D. 552 (S.D. Ohio 2005); *Overby v. Tyco Int'l Ltd.,* No. 2-CV-1357-B (D.N.H. Dec. 20, 2002);; *In re AEP ERISA Litig.,* No. C2-03-67 (S.D. Ohio July 8, 2003); and *Hill v. The Tribune Company*, 2005 U.S. Dist. LEXIS 23931 (N.D. Ill. Oct. 13, 2005). As recognized by the Court in *In re Cardinal Health, Inc. ERISA Litig.*:

> Each firm has an impressive resume and is qualified to be lead counsel, but the Court finds the McKeehan Plaintiffs' proposed counsel, Schatz & Nobel and Stull, Stull & Brody, will best be able to represent fairly and adequately the class because of their extensive experience in ERISA litigation. *In re Terazosin Hydrochloride*, 220 F.R.D. 672, 702 (S.D. Fla. 2004) (finding the proposed counsel's "experience in, and knowledge of, the applicable law in this field" the "most persuasive" factor when choosing lead counsel).

*Cardinal Health*, 225 F.R.D. at 555 (emphasis added).

Rule 23(g)(i) states that the Court should consider "work counsel has done in identifying or investigating potential claims in the action" when choosing lead counsel. Stull, Stull & Brody has filed the only complaint to date that identifies as defendants the members of the Finance and Risk Committee of Bear Stearns' Board of Directors, the Committee which was responsible for

6

ensuring that Bear Stearns' credit risks were sensible. Movant's counsel believes that the Finance and Risk Committee and its members were *de facto* Plan fiduciaries under ERISA, *see, e.g., Cress v. Wilson,* 06 Civ 2717 (JGK), 2007 U.S. Dist. LEXIS 42632 * 26 (S.D.N.Y. June 7, 2007), and that they have identified a potential claim and parties which differentiates their Complaint from the other substantially similar complaints filed. Movant requests that the Court consider same in making its decision.

As a result of Stull, Stull & Brody's extensive experience and success in similar ERISA litigations Movant respectfully request this Court appoint Stull, Stull & Brody as interim class counsel.

### III.  CONCLUSION

For the foregoing reasons, Movant respectfully request that the Court consolidate the Bear Stearns ERISA Actions, appoint him as lead plaintiff and appoint his counsel, Stull, Stull & Brody, as interim class counsel.

Dated: April 10, 2008  **STULL, STULL & BRODY**

By:   s/ Edwin J. Mills
Edwin J. Mills (EM-7117)
Howard T. Longman (HL-2489)
Michael J. Klein (MK-8187)
6 East 45th Street
New York, NY 10017
Tel:   (212) 687-7230
Fax:   (212) 490-2022

**KANTROWITZ GOLDHAMER & GRAIFMAN, P.C.**
Gary S. Graifman
Michael L. Braunstein
Reginald H. Rutishauser
747 Chestnut Ridge Road
Chestnut Ridge, New York 10977
Tel: (845) 356-2570
Fax: (845) 356-2570

*Attorneys for Plaintiff Drew V. Lounsbury*

8