## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| **DREW V. LOUNSBURY, Individually and On Behalf of All Others Similarly Situated,** | ) ) ) |
| **Plaintiff,** | ) **CIVIL ACTION NO.08- CV-** |
| **v.** | ) **3326(RWS)** ) |
| | ) |
| **THE BEAR STEARNS COMPANIES INC., JAMES E. CAYNE, ALAN C. GREENBERG, ALAN D. SCHWARTZ, PAUL A. NOVELLY, FRANK T. NICKELL, FREDERIC V. SALERNO, VINCENT TESE and JOHN DOES 1-10,** | ) ) ) ) **CLASS ACTION** ) ) ) |
| **Defendants**. | ) ) ) ) |

| | |
|---|---|
| | ) |
| **AARON HOWARD, Individually and On Behalf of All Others Similarly Situated,** | ) ) |
| | ) |
| **Plaintiff,** | ) |
| **v.** | ) **CIVIL ACTION NO. 08-Civ. 2804** |
| | ) **(VM)** |
| | ) |
| **THE BEAR STEARNS COMPANIES INC., THE BEAR STEANS COMPANIES INC. EXECUTIVE COMMITTEE, JAMES E. CAYNE, ALAN D. SCHWARTZ, WARREN J. SPECTOR, SAMUEL L. MOLINARO, JR., ALAN C. GREENBERG and JOHN DOES 1-10,** | ) ) ) **CLASS ACTION** ) ) ) ) |
| **Defendants.** | ) ) ) |

|  |  |  |
|---|---|---|
| **ESTELLE WEBER, Individually and on behalf of Bear Stearns Companies Inc. Employee Stock Ownership Plan, and all Others Similarly Situated,** | ) ) ) ) | |
| **Plaintiff,** | ) ) | **CIVIL ACTION NO. 08-Civ. 2870** |
| v. | ) ) | **(VM)** |
| | ) ) | |
| **THE BEAR STEARNS COMPANIES INC., CUSTODIAL TRUST COMPANY, JAMES E. CAYNE, ALAN D. SCHWARTZ, WARREN SPECTOR, SAMUEL L. MOLINARO, JR., ALAN C. GREENBERG and JOHN DOES 1-10,** | ) ) ) ) ) ) | **CLASS ACTION** |
| **Defendants.** | ) ) | |
| **ANTHONY PISANO, individually and on behalf of all Others Similarly Situated,** | ) ) ) ) | |
| **Plaintiff,** | ) ) | **CIVIL ACTION NO. 08-Civ. 3006** |
| v. | ) ) | **(UA)** |
| | ) ) | |
| **THE BEAR STEARNS COMPANIES INC., JAMES CAYNE, ALAN D. SCHWARTZ, WARREN SPECTOR, SAMUEL L. MOLINARO, JR., ALAN C. GREENBERG and JOHN DOES 1-10,** | ) ) ) ) ) | **CLASS ACTION** |
| **Defendants**. | ) ) ) ) | |

| | |
|---|---|
| **HANS MENOS, individually and on behalf of all Others Similarly Situated,** | ) ) ) ) |
| **Plaintiff,** | ) ) |
| **v.** | ) **CIVIL ACTION NO. 08-Civ. 3035** |
| | ) **(UA)** |
| | ) |
| **THE BEAR STEARNS COMPANIES INC., JAMES CAYNE, ALAN D. SCHWARTZ, WARREN J. SPECTOR, SAMUEL L. MOLINARO, JR., ALAN C. GREENBERG and JOHN DOES 1-10,** | ) ) ) **CLASS ACTION** ) ) |
| **Defendants.** | ) ) ) |

| | |
|---|---|
| **IRA GERWITZ, individually and on behalf of all Others Similarly Situated,** | ) ) ) |
| **Plaintiff,** | ) ) |
| **v.** | ) **CIVIL ACTION NO. 08-Civ. 3089** |
| | ) **(UA)** |
| | ) |
| **THE BEAR STEARNS COMPANIES INC., JAMES CAYNE, ALAN D. SCHWARTZ, WARREN SPECTOR, SAMUEL L. MOLINARO, JR., ALAN C. GREENBERG and JOHN DOES 1-10,** | ) ) ) **CLASS ACTION** ) ) |
| **Defendants.** | ) |

| | |
|---|---|
| **SHELDEN GREENBERG, individually and on behalf of all Others Similarly Situated,**<br><br>Plaintiff,<br><br>v.<br><br>**THE BEAR STEARNS COMPANIES INC., JAMES CAYNE, ALAN C. GREENBERG, JEFFREY MAYER, SAMUEL L. MOLINARO, JR., ALAN D. SCHWARTZ, WARREN J. SPECTOR, and JOHN and JANE DOES 1-10**<br><br>Defendants. | **CIVIL ACTION NO. 08-Civ. 03334 (UA)**<br><br>**CLASS ACTION** |
| **SCOTT WETTERSTEIN, individually and on behalf of all Others Similarly Situated,**<br><br>Plaintiff,<br><br>v.<br><br>**THE BEAR STEARNS COMPANIES INC., JAMES CAYNE, ALAN D. SCHWARTZ, WARREN J. SPECTOR, SAMUEL L. MOLINARO, JR., ALAN GREENBERG, and JOHN AND JANE DOES 1-10,**<br><br>Defendants. | **CIVIL ACTION NO. 08-Civ. 03351 (UA)**<br><br>**CLASS ACTION** |

**DECLARATION OF EDWIN J. MILLS IN SUPPORT OF
PLAINTIFF DREW V. LOUNSBURY'S MOTION FOR CONSOLIDATION
OF ALL RELATED ERISA ACTIONS AND APPOINTMENT
OF A LEAD PLAINTIFF AND INTERIM CLASS COUNSEL**

I, Edwin J. Mills, declare:

1.      I am of counsel to Stull, Stull and Brody, counsel of record for Plaintiff Drew V. Lounsbury.  I make this Declaration in support of his motion to consolidate related ERISA cases and for the appointment of a lead plaintiff and interim class counsel.

2.      Attached hereto as Exhibit A is a true and correct copy of the firm biography of Stull, Stull & Brody.

3.      I serve or did serve as the attorney in charge at Stull, Stull & Brody, and was lead or co-lead counsel, in connection with each of the ERISA class actions referred to in Exhibit A hereto, including the ERISA class action cases involving the 401(k) plans of AOL Time Warner and JP Morgan Chase (filed in this district), Tyco International, Cardinal Health, Sears Roebuck, Motorola, Conseco, Inc. and UnitedHealth Group.

4.      Attached hereto is Exhibit B a true copy is an excerpt from the Bear Stearns Notice of Proxy Statement on Schedule 14A dated March 27, 2007 at page 6, under the heading "Finance and Risk Committee."

5.      Attached hereto is Exhibit C is a true copy of the Bear Stearns Finance and Risk Committee Charter which was attached to the March 27, 2007 Schedule 14A as Exhibit E thereto.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on April 10, 2008

By: s/ Edwin J. Mills
Edwin J. Mills

# EXHIBIT A

# STULL, STULL & BRODY

ATTORNEYS AT LAW

6 EAST 45TH STREET
SUITE 500
NEW YORK, NY 10017
TELEPHONE: (212) 687-7230
FACSIMILE: (212) 490-2022

10940 WILSHIRE BOULEVARD
SUITE 2300
LOS ANGELES, CA 90024
TELEPHONE: (310) 209-2468
FACSIMILE: (310) 209-2087

## BRIEF BIOGRAPHY OF STULL, STULL & BRODY

Over the past 30 years, Stull, Stull & Brody has developed a national reputation representing plaintiffs in securities class actions. Stull, Stull & Brody has litigated hundreds of securities cases obtaining nearly a billion dollars in settlements for aggrieved shareholders. Stull, Stull & Brody has also represented claimants in numerous class actions alleging violations of ERISA. With 18 attorneys and a full complement of secretarial and administrative personnel, Stull, Stull & Brody is capable of effectively prosecuting all types of complex litigation. Our lawyers possess outstanding credentials and have repeatedly been acknowledged for their achievements.

Stull, Stull & Brody has been recognized by numerous Courts for the high quality of its legal representation and for its excellence in the field of securities as evidenced by the following comments of judges in cases where Stull, Stull & Brody has taken a leading role:

> The firms involved, I think we heard from several of them today, the papers that have been submitted, it is clear of the dedication, devotion, professionalism, and in the court's view efficiency of these firms, so there is no question in the court's mind of the quality of the representation. *In re American Express Fin'l Advisors Sec. Litig.*, 04 Civ. 1773 (DAB) (S.D.N.Y. July 13, 2007).

> [T]his is one of the largest, if not the largest, securities fraud settlements in this district. The settlement size is particularly noteworthy as class counsel did not have the benefit of an SEC or other regulatory agency investigation and so prosecuted the case without assistance. . . . The management of the case was also of extremely high quality. . . . [C]lass

counsel is of high caliber and has extensive experience in similar class action litigation. Each of the co-lead counsel firms has a national reputation for advocacy in securities class actions, and there is no doubt that this standing enhanced their ability to prosecute the case effectively and to negotiate credibly. . . . The submissions were of consistently high quality, and class counsel has been notably diligent in preparing filing in a timely manner even when under tight deadlines. *In re Ikon Office Solutions, Inc Securities Litigation*, 2000 U.S. Dist. LEXIS 6510 (E.D. Pa. May 9, 2000).

I am satisfied that counsel in this case are highly competent, very skilled in this very specialized area and were at all times during the course of the litigation . . . well prepared, well spoken, []knew their stuff and []were a credit to their profession. They are the top of the line. *In Re Electro-Catheter Corporation Securities Litigation*, Civ. No. 87-41 (D.N.J. September 7, 1989).

The court takes note of the competence of both plaintiffs' counsel and defendants' counsel and their extensive experience in litigating securities class actions. The competence of plaintiffs' counsel resulted in this case being vigorously and efficiently prosecuted against very able opponents over a twenty month period and was a factor in bringing about settlement. *Schaffer v. Timberland Co.*, 94-634-JD (D.N.H. 1997).

This case is a "model for how commercial litigation should be conducted and can be resolved." *Bash v. Diagnostek*, CV 94-794 M (D.N.M.).

Indeed, I indicate to. . .counsel for plaintiff that they have done an admirable job in this case in bringing it to finality and in bringing back to the shareholders of this corporation some moneys [sic] as a result of certain things which occurred during the course of the operation of this corporation which perhaps should not have occurred. *Finkel v. O'Brien*, Civ. No. 85-2539 (D.N.J. March 27, 1990).

All the firms involved in this litigation are highly experienced and well respected, particularly in the field of securities law litigation. The Stull . . . firm [is one] of this area's, if not the nation's most active and successful law firms specializing in securities litigation. *Stull v. Baker*, 410 F. Supp. 1326, 1332 (S.D.N.Y. 1976).

Stull, Stull & Brody's expertise in the field of securities litigation has also been

recognized by the following courts: *In re Frontier Group Insurance, Inc. Securities Litigation*, 172 F.R.D. 31 (E.D.N.Y. 1997); *In re Allegheny International Inc. Shareholder Litigation*, 86-835 (W.D. Pa.) (Order, December 10, 1987, Diamond J.); *Zucker v. United States Steel*, C-1-79-588 (S.D. Ohio) (Order, October 14, 1981, Rubin, C.J.); *Friedman v.*

2

*Colgate Palmolive*, 80 Civ. 2340 (CPS) (E.D. N.Y.) (Order, June 16, 1981, Sifton, J.);

*Zuckerman v. Sparton*, G79-457-C.A. (W.D. Mich.) (Opinion and Order, April 14, 1981,

Fox, J.); *Mottoros v. Abrams*, 524 F.Supp. 254 (N.D. Ill. 1981); *Koenig v. Smith*, 79 C 452

(ERN) (E.D.N.Y.) (Memorandum Opinion and Order, December 3, 1980, Neaher, J.);

*Koenig v. Kenneally*, 79 Civ. 0487 (LBS) (S.D.N.Y.) (Opinion No. 49289, November 5, 1979,

Sand, J.); *In Re Commonwealth Oil-Tesoro Petroleum Securities Litigation*, MDL No. 347

(Order, July 24, 1979, Higginbotham, J.); *Wietschner v. McCulloch*, CV 78-4036-RMT

(C.D. Ca.) (Order, June 29, 1979, Takasugi, J.); *Fruchthandler v. LTV Corp.*, 77C 1879

(E.D.N.Y.) (Order, May 10, 1978, Nickerson, J.); *Lewis v. Adikes*, 76 F.R.D. 68 (E.D.N.Y.

1977); *Lewis v. Black*, [1976-77 Transfer Binder] Fed. Sec. L. Rep. (CCH) ¶ 95,738 (E.D.N.Y.

1976) (Mishler, C.J.); *Fruchthandler v. Blakely*, 73 F.R.D. 318 (S.D.N.Y. 1976).

## SEMINAL CASES

Throughout its 30 year history, Stull, Stull & Brody has been involved with a

number of seminal cases that have significantly affected the landscape of securities

litigation.

- ♦ In *Rand v. Monsanto Company*, 926 F.2d 596 (7th Cir. 1991),the firm appeared for the plaintiff in a landmark decision establishing the principle that a representative plaintiff need not be willing to bear all costs of an action to satisfy the adequacy of representation requirement.

- ♦ In *Small v. Fritz Companies Inc.*, 30 Cal.4th 167 (2003), the firm successfully argued before the California Supreme Court that a non-trading shareholder has the right to sue a corporation for damages where the shareholder relies on false financial statements issued by the corporation. The decision represented a significant doctrinal change and was widely heralded as a potent new weapon for investors.

- ♦ In *Lewis v. Black*, 74 F.R.D. 1 (E.D.N.Y. 1975), the firm established that neither the personality nor the motive of a proposed class representative was determinative of whether he would provide vigorous advocacy for the class, thereby preventing defendant corporations from compelling representatives to respond to questions regarding motives and actions in past cases.

- ♦ In *In re Cabletron Systems, Inc. Securities Litigation*, 311 F.3d 11 (1st Cir.

3

2002), the firm was instrumental in obtaining a reversal of a dismissal of a complaint under the pleading requirements of the Private Securities Litigation Reform Act. This case established in the First Circuit that plaintiffs are not required to provide the names of informants in a complaint.

♦ In *In re Frontier Group Insurance Litigation*, Master File No. 94 Civ. 5213 (E.D.N.Y. 2002), the firm was instrumental in defeating a *Daubert* challenge and sustained the ability of the expert to testify as to aggregate damages based on the use of a trading model.

♦ In *Harman v. Lyphomed, Inc.*, 122 F.R.D. 522 (N.D. Ill. 1988), the firm established the applicability of the fraud-on-the-market theory of reliance for stocks trading on NASDAQ.

♦ The firm was instrumental in establishing new law on "fraud on the market" theory in the 5th Circuit decision of *Finkel v. Docutel/Olivetti Corporation*, 817 F.2d 356 (5th Cir. 1987), *cert. denied*, 485 U.S. 959 (1988), and, in the Northern District of Illinois decision of *Mottoros v. Abrams*, 524 F.Supp. 254 (N.D. Ill. 1981).

As a lead counsel, Stull, Stull & Brody has successfully litigated hundreds of actions, recovering nearly a billion dollars on behalf of defrauded shareholders. A sampling of these cases in which Stull, Stull & Brody had a leading role include:

Settled Securities Class Action Cases

• *In re Bankamerica Corp. Securities Litigation*, MDL No. 1264 (E.D. Mo. 2002) (recovery of $333.2 million)

• *In re Geodyne Resources, Inc. Securities Litigation* (Harris County Tex.) (recovery of $200 million)

• *In re Computer Associates Sec. Litig.*, Master File No. 98-CV-4839 (TCP) (E.D.N.Y. 2003) (recovery of 5.7 million shares (estimated at $134 million))

• *Spahn v. Edward D. Jones & Co., L.P. et al.*, 04-CV-00086 (E.D. Mo. 2007) (recovery of $72.5 million in credits for current Edward Jones customers and $55 million in cash for former Edward Jones customers. In addition, defendants paid all reasonable costs and expenses of class notice and settlement administration)

• *In re American Express Financial Advisors Sec. Litig.*, 04-CV-1773 (S.D.N.Y.) (recovery of $100 million in cash and implementation of significant remedial measures. In addition, defendants paid all reasonable costs of class notice and settlement administration, which is currently estimated to be $15 to 18 million)

• *In re Ikon Office Solutions, Inc. Securities Litigation*, MDL No. 1318 (E.D. Pa.

May 9, 2000) (recovery of $111 million)

- *In re Salomon Brothers Treasury Litigation*, Consolidated Action No. 91 Civ. 5471 (RPP) (S.D.N.Y. 1994) (recovery of $100 million)

- *In re Westinghouse Securities Litigation*, Civil Action No. 91-354 (W.D. Pa. 1999) (recovery of $67.25 million)

- *In re Peregrine Systems, Inc. Sec. Litig.*, Civil Action No. 02-CV-870 J (RBB) (S.D. Ca. 2006) (recovery of $56.29 million for partial settlement of claims)

- *In re Thomas & Betts Securities Litigation*, Case No. 00-2127 (W.D. Tenn. 2002) - related case: *Pifko v. KPMG LLP*, Civ. Action No. 01-CV-2553 (W.D. Tenn. 2004) (recovery of $51.15 millon)

- *In re Tenneco Inc. Securities Litigation*, Civ. Action No. H-91-2010 (S.D. Tex. 1992) (recovery of $50 million)

- *In re Apria Healthcare Group Securities Litigation*, Master File No. 797060 (Superior Court of California, Orange County) (recovery of $42 million)

- *Thomas Levitan v. John B. McCoy, Jr., et al.*, Case No. 00 C 5096 (N.D. Ill. 2006) *(recovery of $39.9 million)*

- *In re Cannon Group Securities Litigation*, 86-5559-WMB (JRx) (C.D. Ca. 1988) (recovery of $33 million)

- *Teichler v. DSC Communications Corporation*, CA 3-85-2005-T (N.D. Tex. 1990) (recovery of $30 million)

- *Berger v. Compaq Computer Corp.*, Civ. Action No. 98-1148 (S.D. Tex. 2002) (recovery of $28.65 million)

- *In re: Northeast Utilities Securities Litigation*, Civil Action No. 397 CV 00189 AVC (D. Ct.) (recovery of $25 million)

- *Lasky v. Brown (United Companies Financial Corporation) Securities Litigation*, Civil Action No. 99-1035-B-M2 (M.D. La. 2002) (recovery of $20.5 million)

- *Lasker et al v. Kanas et. al*, Index No. 103557/06 (New York County, NY) (recovery of $20 million and other consideration)

- *Feinberg v. Hibernia Corp.*, Civil Action No. 90-4245 (E.D. La. 1995) (recovery of $20 million)

- *In re Dreyfus Aggressive Growth Mutual Fund Litigation*, Master File No. 98 Civ. 4318 (HB) (S.D.N.Y.) (recovery of $18.5 million)

- *In re C.R. Bard, Inc. Securities Litigation*, Master File No. 90-948 (AMW)

(D.N.J. 1991) (recovery of $17.9 million)

- *Spring v. Continental Illinois Corporation*, 84 C 4648 (N.D. Ill. 1987) (recovery of $17.5 million)

- *Morse v. Abbott Laboratories*, C.A. No. 90 C 1982 (N.D. Ill. 1994) (jury verdict of $15 million)

- *In re Green Tree Financial Corporation Stock Litigation*, Master File No. 97-2666 (JRT/RLE) (D. Minn. 2003) ($12.45 million)

- *In re Elscint Securities Litigation*, Civ. Action No. 85-2662-K (D. Mass. 1989) (recovery of $12 million)

- *In re National Medical Enterprises Securities Litigation II*, Case No. CV 93-5224 TJH (Bx) (C.D. Ca.) (recovery of $11.65 million)

- *Bash v. Diagnostic, Inc.*, Civil Action No. 94-784 (D.N.M.) (recovery of $10.7 million)

- *In re Cybermedia, Inc. Securities Litigation*, Master File No. 98-1811CBM (Ex) (C.D. Ca.) (recovery of $10.5 million)

- *In re Cabletron Systems, Inc. Sec. Litig.*, C 97-542 (D.R.I. 2006) (recovery of $10.5 million)

- *In re Physicians Corp. of America Sec. Litig.*, Case No. 97-3678-CIV (S.D. Fla. 2003) (recovery of $10.2 million)

- *In re Complete Management Inc. Sec. Litig.*, Master File No. 99 Civ. 1454 (NRB) (S.D.N.Y.) (recovery of $10.15 million)

- *In re U.S.A. Detergent Securities Litigation*, 97-CV-2459 (D.N.J. 1999) (recovery of $10 million)

- *In Re: Biopure Corporation Sec. Litig.*, Docket No. 03-CV-12628 (NG) (D. Mass. 2007) (cash recovery of $10 million)

- *In re Nice Systems, Ltd. Securities Litigation*, Master File No. 2:01 CV 737 (Judge Greenaway) (D.N.J. 2003) (recovery of $10 million)

- *Harman v. Lyphomed*, 88 C 476 (N.D. Ill. 1989) (recovery of $9.99 million)

- *In re Beverly Enterprises, Inc. Securities Litigation*, Master File No. CV 88-01189-RSWL (Tx) (C.D. Ca. 1992) (recovery of $9.975 million)

- *Greenfield v. Compuserve Corp.*, Case No. 96-CV-06-4810 (Franklin County, Ohio) (recovery of $9.5 million)

- *In re Stratosphere Securities Litigation*, Master File No. CV-S-96-00708-PMP

(RLH) (D. Nev.) (recovery of $9 million)

- *In re Steven Madden Ltd. Securities Litigation*, No. 00-CV-3676 (JG) (E.D.N.Y. 2002) (recovery of $9 million)

- *In re Gibraltar Financial Corporation Securities Litigation*, CV 87-07876 MRP (Gx) (C.D. Ca. 1989) (recovery of $8.5 million)

- *In re FHP Securities Litigation*, Master File No. SACV 91-580-GLT (RWRx) (C.D. Ca. 1992) (recovery of $8.25 million)

- *Zucker v. Maxicare Health Plans, Inc.*, Case No. 88-02499-LEW (Tx) (C.D. Ca. 1991) (recovery of $8.1 million)

- *In re Orion Pictures Corp. Securities Litigation*, Master File No. 91 CV 1903 (CBA) (E.D.N.Y. 1992) (recovery of $8 million)

- *Berlinsky v. Alcatel*, 94-CIV-9084 CBM (S.D.N.Y.) (recovery of $8 million)

- *In re Triton Energy Corporation Securities Litigation*, Master File No. 3:92-CV-1069-H (N.D. Tex. 1993) (recovery of $8 million)

- *In re Cityscape*, CV 97 5668 (E.D.N.Y.) (recovery of $7 million)

- *In re Dime Savings Bank of New York Securities Litigation*, MDL Docket No. 846 (E.D.N.Y. 1993) (recovery of $6.8 million)

- *In re Western Digital Securities Litigation*, SACV 91-375(A) GLT (RWRx) (C.D. Ca.) (recovery of $6.75 million)

- *In re Bank of New England Corporation Class Action and Shareholder Litigations*, C.A. Nos. 89-2582-S, 89-2811-S (D. Mass. 1992) (recovery of $6.5 million)

- *In re Berkshire Realty Company, Inc. Shareholder Litigation*, C.A. No. 17242 (Delaware Chancery Court 2004) (recovery of $6.25 million)

- *Gerstein v. Micron Technology, Inc., et al.*, Civil No. 89-1262 (D. Id. 1993) (recovery of $6 million)

- *In re Ziff-Davis, Inc. Securities Litigation*, Master File No. 98-CIV-7158 (SWK) (S.D.N.Y. 2002) (recovery of $6 million)

- *Dynegy Inc., et al. v. Bernard V. Shapiro, et al.*, No. 2002-00080, in the 129th Judicial District, Harris County, Texas (recovery of $6 million)

- *In re Ascend Communications Securities Litigation*, Case No. 97-9376 MRP (AN) (C.D. Ca. 2002) (recovery of $5.45 million)

7

- *In re Brightpoint, Inc. Securities Litigation*, Case No. IP 01 1796 C-T/K (recovery of $5.25 million)

- *Kushner v. Wang Laboratories*, Civil Action No. 89-1963-Y (D. Mass. 1994) (recovery of $5 million)

- *In re SouthEast Banking Corp. Securities Litigation*, Master File No. 90-0760-CIV-MOORE (S.D. Fla. 1993) (recovery of $5 million)

- *Wells v. Southmark Corporation, et al.*, CA3-85-1518-G (N.D. Tex. 1992) (recovery of $5 million)

- *In re Regeneron Pharmaceuticals, Inc. Securities Litigation,* Civil Action No. 03 CV 311 (RWS) (S.D.N.Y. 2005) (recover of $4.7 million)

- *In re Sunglass Hut Intl., Inc. Securities Litigation*, Case No. 97-0191-CIV-MOORE (S.D. Fl. 2001) (recovery of $4.5 million)

- *Clive T. Miller v. Apropos Technology, Inc., et al.*, No. 01 C 8406 (N.D. Ill. 2004) (recovery of $4.5 million)

- *In re Fidelity Holdings Securities Litigation*, Case No. CV 00 5078 (CPS) (VVP) (E.D.N.Y. 2003) (recovery of $4.45 million)

- *Adam Burstyn, et al. v. Worldwide Xceed Group, Inc., et al.*, Case No. 01 CV 1125 (GEL) (S.D.N.Y. 2005)(recovery of $4.4 million)

- *In re NetEase.com Sec. Litig.*, Civil Action No. 01-CV-9405 (RO) (S.D.N.Y. 2003) (recovery of $4.35 million)

- *In re Flextronics, Inc. Sec. Litig.*, No. C-03-2102 PJH (N.D. Ca. 2004) (recovery of $4.25 million)

- *Schaffer v. Timberland Co.*, 94-634-JD (D.N.H. 1997) (recovery of $4.2 million)

- *In re HMO America Securities Litigation*, Civ. No. 92 C 3305 (CPK) (N.D. Ill. 1993) (recovery of $4 million)

- *In re Nanophase Technologies Corporation Securities Litigation*, Case No. 98 C 3450 (N.D. Ill.) (recovery of $4 million)

- *In re Quintex Securities Litigation*, Master File No. CV-89-6182-R (C.D. Ca. 1990) (recovery of $4 million)

- *Walsingham v. Biocontrol Tech. Inc.*, Civil Action No. 96-809 (W.D. Pa.) (recovery of $3.7 million)

- *In re Irvine Sensors Corp. Sec. Litig.*, Master File No. SA 02-00159 GLT (MLGx) (C.D. Ca. 1994) (recovery of $3.5 million)

- *In re iTurf Inc. Shareholders Litigation*, Consolidated Civil Action No. 18242 NC (Delaware Chancery Court) (recovery of $3.25 million)

- *In re Safety Kleen Rollins Shareholder Litig.*, Case No. 3:00-1343-17 (D.S.C. 2005)(recovery of $3.15 million)

- *In re Kay Jewelers Securities Litigation*, Civil Action No. 90-1663A (E.D. Va. 1991) (recovery of $3 million)

- *Clarkson v. Greyhound Lines, Inc.*, 96-11329-C (Dist. Ct., Dallas County, Tex.) (recovery of $3 million)

- *In re TwinLab Corp. Securities Litigation*, Master File No. 00-CV-6975 (DRH) (E.D.N.Y. 2005) (recover of $3 million)

- *In re Spectrian Corp. Securities Litigation*, Master File No. C-97-4672-CW (N.D. Ca.) (recovery of $2.975 million)

- *Moriarty v. Molina*, Case No. 99-0255-CIV-MORENO (S.D. Fla. 2003) (recovery of $2.8 million)

- *In re Peritus Software Services, Inc. Securities Litigation*, Civ. Action No. 98CV10955 WGY (D. Mass. 2000) (recovery of $2.8 million)

- *In re 2TheMart.com, Inc. Sec. Litig.*, Case No. 99-1127 DOC (ANx) (C.D. Ca. 2002) (recovery of $2.7 million)

- *McBride v. Vision Twenty-One, Inc.*, Case No. 99-138-CIV-T-25F (M.D. Fl. 2003) (recovery of $2.5 million)

- *In re Pharmaprint Inc. Sec. Litig.*, Civ. No. 00-61 (AJL) (D.N.J. 2003) (recovery of $2.3 million)

- *In Re: Columbia Entities Litigation*, 04-CV-11704 (D. Mass. 2004) (reduction in the overall rate charged as advisory fees (i.e., "breakpoints) when the mutual funds advised by the advisers reach certain levels of assets under management, enhanced shareholder communications, and a $100,000 contribution to research expenses for the benefit of some or all of the settling funds)

Settled ERISA Class Action Cases

- *In re AOL Time Warner ERISA Litigation*, Civil Action No. 02 CV 8853 (SWK) (S.D.N.Y. 2006) (recovery of $100 million in cash to the company's 401(k) plan in what the court noted was "one of the largest ERISA settlements to date")

- *In re Global Crossing Ltd. ERISA Litig.*, Master File No. 02-cv-7453 (GEL) (S.D.N.Y. 2004)  (Stull, Stull & Brody served as liaison counsel for the class in

a case which recovered a payment of $79 million to the company's 401(k) plan)

- *In re Lucent Technologies, Inc. ERISA Litig.*, Civil Action No. 01-cv-3491 (JAP) (D.N.J. 2005) (recovery of $69 million in cash and stock to the company's 401(k) plan)

- *In re Worldcom, Inc. ERISA Litig.*, Master File No. 02-4816 (DLC) (S.D.N.Y. 2005) (Stull, Stull & Brody served as local counsel for the class in a case which recovered $47.15 million for the company's 401(k) plan)

- *Harrington v. Household International, Inc.*, Civil Action No. 02 C 8257 (SY) (N.D. Ill. 2004) (recovery of $46.5 million in cash to the company's 401(k) plan)

- *In re Cardinal Health, Inc. ERISA Litig.*, No. C2-04-643 (ALM) (S.D. Ohio 2007) (recovery of $40 million in cash to the company's 401(k) plan)

- *In re Sears, Roebuck & Co. ERISA Litig.*, No. 02 C 8324 (JWD) (N.D. Ill. 2007) (recovery of $14.5 million in cash to the company's 401(k) plan)

- *Russell v. Conseco Services, LLC* 1:02-cv-1639-LJM (S. D. Ind. 2005) (recovery of $9.975 million in cash to the company's 401(k) plan)

- *In re Sprint Corporation ERISA Litig.*, Master File No. 2:03-CV-02202-JWL (D. Kan. 2006) (recovery of $4 million in cash, as well as benefits to participants in the company's 401(k) plans including: increased vesting of employee accounts; increased company matching of employer contributions; a number of participant-friendly plan amendments; and improved participant communications)

Stull, Stull & Brody's advocacy in these and other ERISA class actions, which have been brought on behalf of 401(k) retirement plan participants and beneficiaries, has also yielded new law in the ERISA field. For example, in the appeal of a dismissal of *In re AEP ERISA Litigation*, Stull, Stull & Brody successfully argued that the plaintiff, who had "cashed out" of his 401(k) plan, had standing to sue. The Sixth Circuit Court of Appeals agreed and remanded the case for further proceedings. *Bridges v. American Electric Power Co., Inc.*, 498 F.3d 442 (6th Cir. 2007). Also, in the *Lucent* ERISA litigation the firm was largely responsible for a frequently-cited ruling by the District Court dated February 11, 2002, where the Court denied a motion to stay the ERISA litigation against Lucent until resolution of a related securities class action against the company. Stull, Stull &

10

Brody's briefing on the stay motion pointed out the many significant differences between ERISA and securities class actions, even when the ERISA and securities cases involve the same factual issues. The District Court ultimately ruled that "resolution of the securities class action . . . will not necessarily resolve all issues in this matter" and "[t]he legal issues here will still have to be determined, and a stay or continuance shall not change that fact."

Various courts have noted Stull, Stull & Brody's excellence in the field of ERISA Class Actions. *E.g.*, *In re Cardinal Health, Inc. ERISA Litig.*, 225 F.R.D. 552, 556 (S.D. Ohio 2005) ("the Court finds that [co-lead counsel and] Stull, Stull & Brody have a high level of ERISA expertise and are willing to commit each firm's resources to this case such that they fairly and adequately represent all parties on their side"); *In re Sprint Corp. ERISA Litig.*, 443 F. Supp. 2d 1249, 1270 (D. Kan. 2006) ("The high quality of plaintiffs' counsel's work culminated in the successful resolution of this complex case. This was demonstrated by their successful and commendable prosecution of this case through the motion to dismiss stage and the ultimate settlement of this case under favorable terms."); *id.* at 1260 ("counsel litigated this case during its early phases aggressively and in a manner that demonstrated legal expertise in this area of the law"); *In re AOL Time Warner ERISA Litig.*, 2006 U.S. Dist. LEXIS 70474 (S.D.N.Y. 2006) ("Class counsel are qualified attorneys with considerable ERISA experience. Their prosecution of this lawsuit has secured the substantial Settlement now under consideration. Throughout this litigation, they have shown themselves to be capable and qualified to represent the Class."); *Hill v. Tribune Co.*, 2005 U.S. Dist. LEXIS 23931 (N.D. Ill. 2005) (finding "that the Stull Group has more experience and possibly greater resources" than the other applicant for lead counsel).

11

Settled Derivative Cases

- *Esther Sadowsky Testamentary Trust, et al. v. Brendsel*, et al. *(Federal Home Loan Mortgage Corporation)*, 05-cv-2596 (Oct. 27, 2006) (recovery of approximately $100 million as well as significant corporate governance measures)

- *In re Trump Hotels Shareholder Derivative Litig.*, 98-Civ-7820 (GEL) (S.D.N.Y. 2001) (recovery of assets for corporation valued in the range of $10 million)

Stull, Stull & Brody is presently serving as plaintiffs' lead or co-lead counsel in a

number of pending actions in various district courts, including:

Pending Securities Class Action Cases

- *In re Arotech Corp. Securities Litigation*, Master File No. 07-CV-1838 (RJD) (VVP)

- *Sharon Bobbitt v. Andrew J. Filiposki, et al.*, No. 03 C 3599 (N.D. Ill.)

- *In re FleetBoston Financial Corp. Sec. Litig.*, Civ. No. 02-4561 (WGB) (D.N.J.)

- *In re Light Management Group, Inc. Sec. Litig.*, Civil Action No. 02-CV-3345 (RO) (S.D.N.Y.)

- *In re Merck & Co., Inc., Securities, Derivative & "ERISA: Litig.*, MDL No. 1658 (SRC), Case No. 2:05-CV-01151-SRC-MF, (D.N.J.) Case No. 2:05-CV-02367-SRC-MF (D.N.J.)

- *In re Metris Companies, Inc. Sec. Litig.*, Civil Action No. 02-CV-3677 JMR/FLN (D. Minn.)

- *In re Mutual Funds Investment Litig.*, MDL 1586, Case No. 04-MD-15863 (JFM) (D. Md.); *Parthasarathy v. RS Investment Management, L.P., et al.*, Case No. 04-cv-3798-JFM (D. Md.)

- *In re Peregrine Systems, Inc. Sec. Litig.*, Civil Action No. 02-CV-870 J (RBB) (S.D. Ca.) (for Securities Act of 1933 claims)

- *In re Priceline.com, Inc. Sec. Litig.*, Master File No. 3:00CV01884 (AVC) (D. Conn.)

- *In re Rambus Securities Class Action Litigation*, Master File No. CO6-4346 JF (N.D. Calif.)

- *In re Rhythms Sec. Litig.*, Civil Action No. 02-K-35 (GCL) (D. Co.)

- *In re Xerox Sec. Litig.*, Civil Action No. 3:99 CV 2374 (AWT) (D. Conn.)

- *In re Rambus Sec. Class Action Litig.*, Master File No. C06-4346 (JF)(N.D. Cal.)

- *In Re: Interlink Electronics Inc. Sec. Litig.ation* 05-CV 08133 (AG) (SH) (W.D. Cal.)

Pending ERISA Class Action Cases

- *Overby v. Tyco International, Ltd.,* Case No. 02-CV-1357-B (D.N.H.) (over 80 million pages of discovery were produced to counsel and over 250 days of deposition have been taken to date)

- *In re AEP ERISA Litigation*, Master File No. C2-03-67 (ALM) (S.D. Ohio)

- *Howell et al. v. Koenemann, et al*, Case No. 03-CV-5044 (RRP) (N.D. Ill.) (ERISA class action against Motorola, Inc.)

- *Zilhaver et al. v. UnitedHealth Group, Inc. et al*, Case No. 06-cv-2237 (JMR) (D. Minn.)

- *Quan v. Computer Sciences Corporation et al*, Case No. 06-cv-3927 (CBA) (E.D.N.Y.)

- *In re: Diebold ERISA Litig.*, Case No. 06-cv-00170 (SEL) (N.D. Ohio)

- *In Re Affiliated Computer Services ERISA Litig.*, Master File No. 06-CV-1592 (CBA) (N.D. Tex.)

- *In re Boston Scientific Corp. ERISA Litig.*, Master File No. 06-cv-10105 (JLT) (D. Mass.) (Stull, Stull & Brody is serving as counsel for Plaintiffs)

- *Lanfear et al. v. Home Depot, et al*, 07-cv-197 (ODE) (N.D. Ga.) (appeal pending)

- *Pugh et al v. The Tribune Companies et al*, 05-c-2927 (WTH) (N.D. Ill.) (appeal pending)

- *Fisher v. JP Morgan Chase & Co.*, et al., 03-CV-3252 (SHS) (S.D.N.Y.) (sole counsel for plaintiffs) (appeal pending)

Pending Derivative Cases

- *Pincus v. Browne, et al. (BP p.l.c.)*, 06-cv-6168 (S.D.N.Y. Aug. 14, 2006)

- *Lasker v. Massengill (In re State Court Western Digital Corp. Deriv. Litig.)*, 06-CC-00159 (Cal. Super. Ct., Orange County Aug. 14, 2006)

- *In re Foundry Networks, Inc. Deriv. Litig.*, 1:06-cv-068878 (Cal. Super. Ct., Santa Clara County Aug. 9, 2006)

- *In re Hewlett-Packard Company Derivative Litigation*, 1:06-cv-071186 (Cal. Super. Ct., Santa Clara County 2006), 2426-VCN (Delaware Chancery Court 2006)

- *In Re Jabil Circuit Options Backdating Litigation*, 06-CV-01257 (M.D. Fla. 2006)

- *Stoll et al., v. Glenayre Technologies, Inc. et al.*, 07-CV-00608 (S.D.N.Y. 2008)

- *Ekas v. Burris, et al. (Citrix Systems, Inc.)*, 07-016114-11, (Fla. Cir. Ct., Broward County 2007)

## ATTORNEYS

Stull, Stull & Brody maintains offices in both New York and Los Angeles. The following section sets forth basic educational and experience information for each of Stull, Stull & Brody's attorneys.

## NEW YORK

*Jules Brody* is a graduate of Brooklyn College, *magna cum laude*, and received his L.L.B. from the New York University School of Law in 1964. Mr. Brody made the Dean's List and was an editor of the Law Review. Mr. Brody was the author of "The Equitable Power to Assess Counsel Fees" which was published in the New York University Intramural Law Review in May 1964. At NYU, Mr. Brody was a John Norton Pomeroy Scholar and received the American Jurisprudence Prize in Commercial Law and graduated in the top 10% of his class. He was admitted to the New York State Bar in 1964. Mr. Brody received his LL.M. in taxation from the graduate division of the NYU School of Law in 1967. Mr. Brody is also admitted to practice before the United States District Courts for the Southern and Eastern Districts of New York, the United States Courts of Appeals for the Second, Fourth and Fifth Circuits, and has been specially admitted to practice before various district courts throughout the United States.

*Edwin J. Mills* is Of Counsel to Stull, Stull & Brody. He is a graduate of Fordham University and received his J.D. from Brooklyn Law School in 1977. Mr. Mills was admitted to practice in the State of New York and in the Eastern District of New York in 1978. He has represented classes of purchasers of securities and shareholders for over 20 years in federal and state courts throughout the United States. He is experienced in all aspects of securities class action litigation, including settlement negotiation and trial. Mr. Mills is also active in several large ERISA class action cases brought on behalf of 401(k) retirement plan participants and beneficiaries, including cases involving Lucent Technologies, Household International, Tyco International, Conseco, American Electric Power and Sears.

*Mark Levine* is a graduate of the University of Maryland and received his J.D. from Brooklyn Law School in 1981. He was admitted to the New York State Bar in 1982 and is admitted to practice before the United States District Courts for the Southern, Western and Eastern Districts of New York and the Northern District of Illinois, the United

14

States Court of Appeals for the Second, Fourth, Sixth, Ninth, Tenth and Eleventh Circuits, and has been specially admitted to practice before various other state and federal courts. He has participated in the litigation of securities class actions throughout the United States.

*Howard T. Longman* received his undergraduate degree from the University of Virginia and his J.D. from New York Law School in 1982. Mr. Longman is a member of the New York State Bar and has also been admitted to practice before the United States District Courts for the Southern and Eastern Districts of New York.

*Patrick K. Slyne* received his J.D. from the University of Wyoming in 1988. He is a member of the Colorado, Connecticut and Wyoming state bars.

*Melissa R. Emert* received her undergraduate degree from the State University of New York at Stony Brook and her J.D. from Brooklyn Law School in 1988. Ms. Emert is a member of the New York State Bar and has also been admitted to practice before the United States District Courts for the Southern and Eastern Districts of New York.

*Aaron L. Brody* received his undergraduate degree from Yeshiva University, *summa cum laude*, Class of 1990, and his J.D. from New York University School of Law in 1995. At NYU, Mr. Brody concentrated on securities law and was a staff editor on the *Review of Law and Social Change*. Mr. Brody is a member of the New York State Bar and is admitted to practice before the United States District Courts for the Southern and Eastern Districts of New York.

*Tzivia Brody* received her undergraduate degree from Stern College, *magna cum laude*, Class of 1992, and her J.D. from the Benjamin M. Cardozo School of Law in 1995. Ms. Brody is a member of the New York State Bar and is admitted to practice before the United States District Courts for the Southern and Eastern Districts of New York.

*Jason D'Agnenica* received his undergraduate degree from Providence College in 1995, B.A., cum laude, and his J.D. from St. John's University School of Law in 1998. While at St John's, Mr. D'Agnenica participated in the Moot Court Honor Society advocacy competition and represented clients in consumer protection matters through St. John's Elder Law Clinic. Mr. D'Agnenica also served as judicial intern for Magistrate Judge Timothy M. Boudewyns, United States District Court for the District of Rhode Island. Mr. D'Agnenica is a member of the New Jersey State Bar and is admitted to practice before the United States District Court for the District of New Jersey and the Southern and Eastern Districts of New York.

*Nathan G. Lamm* received his undergraduate degree from Yeshiva University, Class of 1997, and his J.D. from Benjamin N. Cardozo School of Law in 2000. Mr. Lamm is a member of the New York State Bar and is admitted to practice before the Southern and Eastern Districts of New York.

*Menashe Y. Shapiro* received his undergraduate degree from Yeshiva University, *cum laude*, Class of 1997, and his J.D. from Benjamin N. Cardozo School of Law in 2000. Mr. Shapiro is a member of the New Jersey State Bar and is admitted to practice before the United States District Court for the District of New Jersey and the Southern and Eastern Districts of New York.

15

*James Henry Glavin IV* received his undergraduate degree from Boston College, Class of 1999, and his J.D. from Fordham University School of Law in 2002. While at Fordham, Mr. Glavin served as an editor on the Moot Court Board and International Law Journal. Mr. Glavin is a member of the New York State Bar and is admitted to practice before the United States District Courts for the Southern and Eastern Districts of New York.

*Michael J. Klein* received his undergraduate degree in 2001 from Emory University and his J.D., with honors, from the University of Connecticut School of Law in 2004. While at the University of Connecticut, Mr. Klein served as an executive editor of the Connecticut Law Review. Mr. Klein is a member of the New York and Connecticut State Bars and is admitted to practice before the United States District Courts for the Southern and Eastern Districts of New York.

*James E. Lahm* received his undergraduate degree from The Ohio State University and his J.D. from Benjamin N. Cardozo School of Law in 2004. Mr. Lahm is a member of the New Jersey State Bar and is admitted to practice before the United States District Court for the Southern and Eastern Districts of New York and the District of New Jersey.

*Joseph Santangelo* received his undergraduate degree from Villanova University, Class of 2000, and his J.D. from Hofstra University School of Law in 2005. Mr. Santangelo passed the New York State Bar Exam, and is currently awaiting admission.

*Maksim Fuchs* received his undergraduate degree from Boston University, class of 2003, and his J.D. from Seton Hall School of Law in 2006. While at Seton Hall Mr. Fuchs finished in the top 16 of the Eugene Gressman Moot Court competition and served as the President of the Jewish Law Society. Mr. Fuchs is a member of the New York and New Jersey Bars.

## LOS ANGELES OFFICE

*Patrice L. Bishop* received her undergraduate degree from New York University and her J.D. from Loyola Law School - Los Angeles in 1994. Ms. Bishop is a member of the California State Bar and is admitted to practice before the United States District Courts for the Northern, Central, Southern and Eastern Districts of California, and the United States Court of Appeals for the Eighth and Ninth Circuits.

*Timothy J. Burke* graduated *magna cum laude* from Suffolk University and received his J.D. from the University of California at Los Angeles in 1995. Mr. Burke is a member of the California State Bar, and is admitted to practice before the United States District Courts for the Northern, Central, Southern and Eastern Districts of California, and the United States Court of Appeals for the Ninth Circuit.

16

# EXHIBIT B

[Excerpt From Bear Stearns March 27, 2007 Notice of Proxy Statement on Schedule 14A]

<u>Finance and Risk Committee.</u>  The Board established the Finance and Risk committee, which consists of Messrs. Nickell, Novelly (Chairman), Salerno and Tese, on January 10, 2007; accordingly there were no meetings held in fiscal 2006.  The Board, upon the recommendation of the Corporate Governance and Nominating Committee, has determined that each Finance and Risk Committee member is "independent" as that term is defined in NYSE rules and the Company's Director Independence Standards.  The purpose of the Committee is to assist the Board in the Board's oversight of the Company's : (1)credit, market and operational risk management; (2)funding, liquidity and liquidity risk management practices; (3) balance sheet and capital management; and (4) insurance programs and related risk issues and mitigation. The Finance and Risk Committee is responsible for reviewing and discussing with the Audit Committee the Company's polices and procedures regarding the assessment and management of the Company's trading and investment risks, counterparty credit risks, operational risks and significant risk exposures and trends.  The Committee is also responsible for reviewing the Company's framework for balance sheet management, including categories of assets and liabilities and levels of unfunded committed funding obligations.  A copy of the Finance and Risk Committee's charter is attached as Exhibit E to this Proxy Statement.

**EXHIBIT C**

EX-99.E 8 exhibit99-e.htm FINANCE AND RISK COMMITTEE

**EXHIBIT E**

**THE BEAR STEARNS COMPANIES INC.**
**FINANCE AND RISK COMMITTEE OF THE BOARD OF DIRECTORS CHARTER**

**Purpose of Committee**

The Finance and Risk Committee (the "Committee") is a committee of the Board of Directors (the "Board") of The Bear Stearns Companies Inc. (the "Corporation"). The purpose of the Committee is to assist the Board in the Board's oversight of the Corporation's (1) credit, market and operational risk management, (2) funding, liquidity and liquidity risk management practices, (3) balance sheet and capital management and (4) insurance programs and related risk issues and mitigation.

**Committee Membership**

The Committee shall consist of three or more directors of the Corporation. Each member of the Committee in the judgment of the Board shall be an "independent director" as that term is defined in the rules of the New York Stock Exchange ("NYSE") and the Corporation's Director Independence Standards and shall satisfy all other conditions that may otherwise be required by applicable law, rule or regulation. Committee members shall be appointed by the Board annually and may be removed with or without cause by action taken by a majority of the whole Board.

**Committee Responsibilities**

The Committee's responsibilities include:

**1. Credit, Market and Operational Risk Management:**

- Review and discuss with the Audit Committee the Corporation's policies and procedures regarding risk assessment and risk management of the Corporation's trading and investment risks, counterparty credit risks, and operational risks.

- Review and discuss the risk measures (such as value-at-risk) and risk models utilized in evaluating such financial risks, the limit structures and limits in place, and other steps management has taken to monitor and control such risks.

- Review and discuss with the Audit Committee significant risk exposures and trends in each of the aforementioned categories of risk.

**2. Funding, Liquidity and Liquidity Risk Management Practices:**

- Oversight of the Corporation's policies and procedures regarding funding, liquidity and liquidity risk management.

- Analyze and assess limits for the incurrence of debt by the Corporation and its subsidiaries.

- Periodically review the Corporation's funding profile, including but not limited to relative usage of short-term secured and unsecured funding, recent long-term debt issuance needs and activity and most recent status of liquidity risk metrics.

**3. Balance Sheet and Capital Management:**

- Review the Corporation's framework for balance sheet management, including categories of assets and liabilities and levels of unfunded committed funding obligations.

- Review regulatory capital, firm-wide leverage ratios and similar measures of capital adequacy.

- Review the current status of and trends in balance sheet composition and usage by the Corporation.

**4. Insurance Programs and Related Risk Issues and Mitigation:**

• Review and discuss the insurance programs and coverage of the Corporation and its subsidiaries.

E-1

**5. Reporting and Other:**

• Making or reviewing any report or filing regarding any of its responsibilities set forth in this charter that may be required by securities rules and regulations or other regulatory body.

• Recommending other matters for consideration to the Board as the Committee deems necessary or appropriate in fulfilling its duties.

**Committee Structure and Operations**

A majority of the Committee shall constitute a quorum. The Board shall designate a member of the Committee as its chairman. The Committee may act by a majority vote of the members present at a duly constituted meeting of the Committee or by unanimous written consent. In the absence or disqualification of a member of the Committee, the members present, whether or not they constitute a quorum, may unanimously appoint another independent member of the Board to act at the meeting in the place of an absent or disqualified member. In the event of a "tie" vote on any issue voted upon by the Committee, the Committee chairman's vote shall decide the issue. The Committee shall meet in person or telephonically at least four times a year, with additional meetings called when deemed necessary or desirable by the Committee or its chairman. The Committee may delegate some or all of its duties to a subcommittee, or to any one member of the Committee. The Committee or a subcommittee thereof may hire outside advisors or counsel at the Corporation's expense to assist the Committee or subcommittee in the performance of its duties. In addition, the Committee may ask members of management or others whose advice and counsel are relevant to the issues then being considered by the Committee, or subcommittee thereof, to attend a Committee or subcommittee meeting and to provide such pertinent information as may be requested by the Committee. The Committee shall report to the Board with respect to the Committee's meetings and activities and shall make recommendations to the Board with respect to the issues reviewed by the Committee, as the Committee deems appropriate.

**Performance Evaluation**

Each year the Committee shall conduct a self-evaluation. In this regard, the Committee shall compare its performance with the provisions of this Charter and recommend changes, as the Committee deems necessary or appropriate, to the Board. The Committee shall report the results of the evaluation to the Board in such manner as the Committee shall determine.

**General**

The Committee shall have and may exercise all powers, authority and responsibilities as the Board shall determine and as may be properly granted to the Committee under the laws of the State of Delaware and the Corporation's Certificate of Incorporation and By-laws. Nothing contained in this Charter is intended to create, or should be construed as creating, any responsibility or liability of any member of the Committee, except to the extent otherwise provided under applicable law of the State of Delaware, which sets the legal standard for the conduct of the members of the Committee.

Approved by the Board of Directors on March 22, 2007

E-2